I do not deem it necessary, in this case, to determine whether Arnold might or might not have treated the fraudulent conduct of Hall as a conversion of the watch in question. For admitting that he might, and that he could, before selling the watch, have sustained an action of trover therefor in his own name, still he was not bound to do so. He had *Page 296 
a perfect right either to reclaim or sell the property. It is true he could not transfer to Robinson a mere right of action, so as to enable him to bring trover in his own name, founded upon evidence of a conversion while Arnold was the owner of the watch. Arnold did not pretend to sell any such right of action. He sold the watch itself, and in such form as to pass a good title thereto to Robinson. After that purchase Robinson had a right to take the property from Hall; or he might, as he did in this case, demand it of him, and upon his refusal to deliver it up, without a sufficient excuse, treat such refusal as a conversion, and bring trover for it in his own name.
The case of Gardner v. Adams, (12 Wend. 297,) was cited by the defendant's counsel to show that the action could not be maintained in the name of Robinson. It does not clearly appear from the report of that case whether the demand and refusal was before or after Adams became the assignee of the mortgage upon the property in question. If it was after the assignment, I think the decision cannot be upheld either upon principle or authority.(a)
In this case, as there was a sale of the watch to Robinson, and a subsequent demand of it made upon the defendant, and a refusal by him to deliver it, Robinson had a right to treat such demand and refusal as evidence of a conversion of the watch after he became the owner of it, and bring an action therefor in his own name.
The judgment should be affirmed.
Judgment affirmed.¹
(a) See The Brig Sarah Ann, (2 Sumn. Rep. 206, 211.) *Page 297